# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 19-0596V
(not to be published)

| | |
|---|---|
| AARON WESO,<br><br>　　　　　　　Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>　　　　　　　Respondent. | Chief Special Master Corcoran<br><br>Filed: May 16, 2023<br><br>Special Processing Unit (SPU);<br>Attorney's Fees and Costs |

*Jerome A. Konkel, Samster, Konkel, and Safran, Wauwatosa, WI*, for Petitioner.

*Claudia Barnes Gangi, U.S. Department of Justice, Washington, DC*, for Respondent.

### DECISION ON ATTORNEY'S FEES AND COSTS[1]

On April 23, 2019, Aaron Weso filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleged that he suffered a left shoulder injury related to vaccine administration as a result of an influenza vaccine administered to him on November 30, 2017. Petition at 3, 6. On September 6, 2022, I issued a decision awarding compensation to Petitioner for his SIRVA injury, based on the Respondent's proffer. ECF No. 41.

Petitioner has now filed a motion for attorney's fees and costs, requesting a total award of $28,917.94 (representing $28,127.20 in fees and $790.74 in costs). Petitioner's

---

[1] In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

Request for Attorney's Fees ("Motion"), filed Apr. 3, 2023, ECF No. 46. In accordance with General Order No. 9, Petitioner filed a signed statement indicating that he incurred no out-of-pocket expenses. Attachment to Motion at 22, ECF No. 46-1.

On April 5, 2023, Respondent reacted to the motion, indicating that he is satisfied that the statutory requirements for an award of attorney's fees and costs are met in this case, but deferring resolution of the amount to be awarded to my discretion. Respondent's Response to Motion at 3, 3 n.2, ECF No. 47. Petitioner did not file a reply thereafter.

I have reviewed the billing records submitted with Petitioner's request. In my experience, the request appears reasonable, and I find no cause to reduce the requested hours or rates. However, further discussion regarding several issues is warranted.

I.      **Relevant Legal Standard**

Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. *See Savin v. Sec'y of Health & Hum. Servs.*, 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Hum. Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Id.* at 1522. Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. *See Sabella v. Sec'y of Health & Hum. Servs.*, 86 Fed. Cl. 201, 209 (2009). A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Hum. Servs.*, 102 Fed. Cl. 719, 729 (2011).

II.     **Attorney's Fees and Costs**

Petitioner has requested 2023 attorney hourly rates as follows: $525 for work performed by Jerome Konkel - representing a rate increase of $35; and $390 for worked performed by Ryan Truesdale - representing a rate increase of $40. Attachment to Motion at 2-3, 5, 11. Additionally, Petitioner requests an hourly rate of $170 for paralegal work performed in 2023. *Id.* at 3, 5, 11. I find these hourly rates to be reasonable, and will award the attorney's fees requested.

However, in reviewing the billing records, I noticed several instances where Petitioner's counsel appeared to perform paralegal-level tasks, but billed them at an attorney hourly rate. *See,* e.g., Attachment to Motion at 6 (regarding time spent on medical records requests). This is not permitted by the Vaccine Program. *Riggins v. Sec'y of Health & Hum. Servs.*, No. 99-382V, 2009 WL 3319818, at *21 (Fed. Cl. Spec. Mstr. June 15, 2009). Rather, "the rate at which such work is compensated turns not on who ultimately performed the task but instead turns on the nature of the task performed." *Doe/11 v. Sec'y of Health & Hum. Servs.*, No. XX-XXXXV, 2010 WL 529425, at *9 (Fed. Cl. Spec. Mstr. Jan. 29, 2010).

Because the amount of time involved is de minimis and other tasks described in the same entry are appropriately characterized as attorney work, I will not reduce the fees requested in this case. In the future, however, Petitioner's counsel should bill separately for paralegal work using the appropriate paralegal hourly rate.

Finally, I note this case required additional briefing regarding the issue of entitlement. *See* Respondent's Rule 4(c) Report, filed Aug. 24, 2020, ECF No. 26 (opposing compensation); Petitioner's Motion for a Ruling on the Record, filed Mar. 22, 2021, ECF No. 32. Petitioner's counsel expended approximately 6.0 hours drafting his motion for a ruling on the record, and 1.1 hours drafting his reply. Attachment to Motion at 9. I find this amount of time to be reasonable.

In my experience, the request for attorney's fees appears reasonable, and I find no cause to reduce the requested hours or rates. Furthermore, Petitioner has provided supporting documentation for all claimed costs. Attachment to Motion at 12-21. And Respondent offered no specific objection to the rates or amounts sought. *See* Response at 3, 3 n.2 (indicating reliance upon my discretion due to a lack of sufficient resources and thus, inability to provided detail objections to requests for attorney's fees and costs).

## Conclusion

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Accordingly, I hereby GRANT Petitioner's Motion for attorney's fees and costs. I award a total of **$28,917.94** (representing $28,127.20 in fees and $790.74 in costs) as a lump sum in the form of a check jointly payable to Petitioner and Petitioner's counsel, Jerome A. Konkel. In the absence of a timely-filed motion for

review (see Appendix B to the Rules of the Court), the Clerk of Court shall enter judgment in accordance with this Decision.[3]

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.